GLOBE INDEMNITY COMPANY, RESPONDENT, v. C. M. WHEAT ET AL., APPELLANTS.—60 S. W. (2d) 686.

Kansas City Court of Appeals. May 1, 1933.

*Stringfellow & Garvey* for respondent.

*Wm. B. Raez* and *L. E. Thompson* for appellants.

SHAIN, P. J.—This is an action instituted by the Globe Indemnity Company, plaintiff, against C. M. Wheat, Wm. B. Raez and L. E. Thompson as defendants, wherein the plaintiff files a petition asking that the defendants be enjoined from further attempting to collect a judgment.

The issue in this case can more clearly be presented by embracing the plaintiff's petition in full rather than to undertake to state in abridged form. The petition is as follows:

"Petition for Injunction.

"Comes now Globe Indemnity Company and states to the court that the facts on which it bases its petition are as follows:

"Prior to December 14, 1928, your petitioner issued a workmen's compensation policy to E. A. Whitney & Son. On said December 14, 1928, the defendant C. M. Wheat was injured while in the employ of said E. A. Whitney & Son and later filed before the Missouri Workmen's Compensation Commission claim for compensation against said employer. Said compensation claim was handled in the usual way and compensation agreed upon and paid until for the purpose of final

settlement it became necessary to have the commission fix award for same. On July 2, 1929, a hearing was held at St. Joseph before a member of the compensation commission, testimony given as to the nature and extent of the injury and an award made on August 13. There was a hearing in review September 4. On September 25 a final award was made by the entire commission and a corrected final award was made October 21, 1929; the final award being a twenty per cent permanent partial disability to claimant's left (minor) arm, being $20 per week for 42.4 weeks, subject to credit of $474.29 previously paid employee.

"From this finding the claimant appealed to the Circuit Court of Buchanan County. A hearing was had by that court before the Honorable J. V. GADDY. On December 30, 1929, said circuit court entered a decree, finding the award made by the commission to be insufficient in amount, setting same aside, and finding that claimant had suffered a fifty per cent permanent partial disability to the left (minor) arm at the shoulder and was entitled to compensation for 100 weeks at $20 per week, less $474.29 previously paid, plus $100 medical aid; and ordering that the claimant 'have and recover from the respondent-employer E. A. Whitney & Son and the respondent-insurer Globe Indemnity Company' said sum so awarded. As shown by the record, a motion for a new trial and a motion in arrest were filed by the employer and the insurer jointly; they jointly appeared and argued said motions, and, when same were overruled, they jointly filed an affidavit for appeal, appeal was allowed them jointly and they jointly appeared thereafter in everything connected with the appeal. But the affidavit for appeal which defendants jointly filed read as follows:

" 'In the Circuit Court for Buchanan County, Missouri.

January Term, 1930.

" 'C. M. Wheat, Plaintiff,

vs.

" 'E. A. Whitney & Son, et al., Defendants.

" 'Affidavit for Appeal.

" 'Joseph M. Garvey, of lawful age, being first duly sworn, upon his oath says that he is attorney for defendant E. A. Whitney & Son; that he is authorized to make and does make this affidavit for appeal for said defendant; that this appeal is not made for vexation or delay, but because affiant believes that appellant, the above named defendant, is aggrieved by the judgment and decisions of the court.

. " 'JOSEPH M. GARVEY.

" 'Subscribed and sworn to before me, a notary public within and for Buchanan county, Missouri.

" 'My commission expires June 25, 1933.

. " 'ELLA M. DOLAN,

" ' (Seal)                                            Notary Public.'

"Appeal to the Kansas City Court of Appeals was allowed the defendants and the defendants were granted leave until during the next term to file bill of exceptions. The short form transcript of the record was duly prepared by the clerk of the Circuit Court of Buchanan County and forwarded to the Kansas City Court of Appeals. There said cause was docketed under the title C. M. Wheat, Respondent, v. Globe Indemnity Company, Appellant. Adopting as nearly as possible the title given the case by the Court of Appeals, appellants duly filed abstract and brief entitled: C. M. Wheat, Respondent, v. Globe Indemnity Company (Insurer for E. A. Whitney & Son), Appellant, and the entire record was duly presented to the Court of Appeals. Respondent filed in the Court of Appeals motion to dismiss the appeal and to affirm the judgment of the Circuit Court on the ground that E. A. Whitney & Son had filed affidavit for appeal, but had not filed any abstract of the record, transcript or brief, and that the Globe Indemnity Company had not filed in the circuit court an affidavit for appeal. This motion to dismiss the appeal and affirm the judgment was duly presented by counsel and heard along with the appeal. On December 1, 1930, the Court of Appeals rendered its decision, finding that the record showed defendants filed motion for new trial and defendants filed affidavit for appeal, but that the only affidavit shown named only E. A. Whitney & Son, and that that could not be construed to be an affidavit for appeal for the Globe Indemnity Company and therefore the court had no jurisdiction of the attempted appeal of that company; but that the employer, E. A. Whitney & Son, had the right to and did appeal; that respondent was not misled or injured; that there could be no doubt that the abstract filed was an abstract of the case actually presented to the commission and to the circuit court and that it should be treated and used as such; that as to the merits of the case, the extent of the disability was a question of fact under the evidence, it could not be said that the finding of the commission was without any evidence to support it, and the award made by the commission against E. A. Whitney & Son should stand. The judgment was reversed as to appellant E. A. Whitney & Son. On January 16, 1931, the mandate of the Court of Appeals was sent to the Circuit Court of Buchanan County, reading as follows:

" 'Kansas City Court of Appeals
" 'October Term, 1930.
" 'C. M. Wheat, Respondent,
       vs.
" 'E. A. Whitney & Son, Employers,
" 'Globe Indemnity Company, Insurer, Appellant.
" 'Appeal from Buchanan Circuit Court.
" 'Now at this day, come again the parties aforesaid, by their respective attorneys, and the court here being now sufficiently advised

of concerning the premises, doth consider and adjudge that the judgment aforesaid, in form aforesaid, by the said Circuit Court of Buchanan County rendered, be reversed, annulled and for naught held and esteemed, as to appellants, E. A. Whitney & Son, and that they be restored to all things lost by reason of the said judgment. It is further considered and adjudged by the court that the said appellants recover against the said respondent costs and charges herein expended, and have therefor execution.

" 'State of Missouri—Sct.

" 'I, L. F. McCoy, Clerk of the Kansas City Court of Appeals, certify that the foregoing is a full, true and complete transcript of the judgment of said Kansas City Court of Appeals, entered of record at the October Term, 1930, and on 1st day of December, 1930, in the above entitled cause.

" ' 'Given under my hand and the seal of said court, at the City of Kansas, this 16th day of January, 1931.

" 'L. F. McCoy, Clerk.

" ' (Seal.) '

" 'At the time claimant appealed from the award of the commission there had been paid to claimant by the employers (or the insurer for them) the sum of $474.29. To complete the award made by the commission there remained due claimant the sum of $373.71. On January 16, 1931, the employers and their insurer tendered to the attorneys of record for claimant the said sum of $373.71, but same was refused. This plaintiff stands ready and willing to pay the remainder of the award of the commission to the claimant at any time.

"Plaintiff states that notwithstanding any provision of the compensation law that the insurer is primarily liable to pay any award made by the compensation commission, the insurer's position at all times, equitably, is merely that of surety or guarantor, and that it was intended by the contract of insurance and by the workmen's compensation law to require the insurer to pay only such awards as the employer should be liable to pay; that in this case the finding made by the Circuit Court of Buchanan County against the employer, E. A. Whitney & Son, having been set aside, and it having been ordered that the same be 'reversed, annulled and for naught held and esteemed as to appellants, E. A. Whitney & Son, and that they be restored to all things lost by reason of the said judgment,' there is nothing left which the said surety should be required to pay in this case except the said unpaid balance of $373.71 of the commission's award, and that it would be inequitable and work a gross injustice to require this surety to pay the judgment rendered jointly against it and the employer whose obligation it was insuring, after the said obligation has been set aside.

"Plaintiff states the following facts:

"Notwithstanding the above situation, the said defendants named herein, C. M. Wheat, William B. Raez and L. E. Thompson, have been attempting and are attempting to enforce the collection of the said judgment of the Circuit Court for Buchanan County. On December 30, 1930, said defendants caused to be issued by the clerk of the Circuit Court for Buchanan County a general execution (No. 49957) directed to the sheriff of Cole county, Missouri, stating that said C. M. Wheat had recovered a judgment for $1,755.71 and $10.05 costs against E. A. Whitney & Son and Globe Indemnity Company and commanding the said sheriff to collect same from the goods, chattels and real estate of said E. A. Whitney & Son and Globe Indemnity Company. On the 3rd day of January, 1931, the sheriff of Cole county, Missouri, made his return to said execution, stating that he had made diligent search but failed to find any goods, chattels or real estate belonging to said defendant, E. A. Whitney & Son et al., in Cole county, Missouri, and that he further executed the writ by notifying Joseph B. Thompson, superintendent of insurance department of the State of Missouri, the person authorized by law to accept service for Globe Indemnity Company, garnishee, that he seized and attached in the hands of said insurance company all moneys, debts, etc., due from said insurance company to said defendant, E. A. Whitney & Son et al.

"Said proceedings constitute case No. 51889 in Division No. 2 of the Circuit Court for Buchanan County.

"On January 6, 1931, said C. M. Wheat by his attorney, William B. Raez, filed in said circuit court in said case No. 51889 interrogatories entitled 'C. M. Wheat, plaintiff, v. Joseph B. Thompson, garnishee of Globe Indemnity Company, Defendant,' requesting said Joseph B. Thompson to state whether or not (1) he had in his possession, custody or charge any moneys, credits or effects belonging to Globe Indemnity Company, or (2) was in anywise indebted to said company, or whether (3) he was bound under any contract to pay the said Globe Indemnity Company any money not yet due, or (4) was the Globe Indemnity Company in his employment. On January 12, 1931, said Joseph B. Thompson filed an answer to said interrogatories, in which he set forth the facts relating to the papers which had been served upon him, stating he had not been served as garnishee, but that on January 3 the sheriff had delivered to him, as the person authorized by the law to accept service for any foreign insurance company doing business in Missouri, the paper attached to the answer, which showed on its face that it was a garnishment directed to the Globe Indemnity Company, attaching all debts due by that company to E. A. Whitney & Son.

"On January 24, 1931, defendants William B. Raez and L. E. Thompson sent a written notice to Joseph B. Thompson, superintendent of insurance, Jefferson City, reciting the facts of said judgment

and execution and requesting the insurance commissioner to revoke the license of the Globe Indemnity Company for nonpayment of said judgment.

"Thereafter, on the 31st day of January, 1931, the said C. M. Wheat, by his attorney, William B. Raez, filed in the Circuit Court of Buchanan County a motion, stating that the said Wheat had caused an execution to be issued against the Globe Indemnity Company in said case, directed to the sheriff of Cole county, and that that office had executed said writ by garnishing all funds belonging to the said indemnity company and in the possession of Joseph B. Thompson, superintendent of insurance; that the said Wheat had filed interrogatories within three days after the return of said execution, but that the garnishee had failed to file answer; praying the court to require the said Joseph B. Thompson to file answer or that judgment be rendered by default against him as garnishee.

"Thereafter, on the 3rd day of February, 1931, the defendants herein caused to be issued by the clerk of the Circuit Court for Buchanan County a second general execution (No. 49957) on said judgment, directed to the sheriff of Jackson county, Missouri, for $1,745.71 judgment and $27.22 costs, directing said sheriff to collect same from E. A. Whitney & Son and Globe Indemnity Company and said execution was sent to said sheriff with a letter of instructions as follows:

" 'St. Joseph, Mo., February 3, 1931.
" 'Mr. Jefferson H. Smedley,
" 'Sheriff of Jackson County,
" 'Kansas City, Mo.
" 'Dear Sir:
" 'C. M. Wheat v. E. A. Whitney & Son and Globe Indemnity Company.

" 'I am inclosing herewith general execution in the above cause and ask you to serve the same by garnishing the McCluer-Wilbur Underwriting Company as to all funds of Globe Indemnity Company, one of the defendants in said cause; the other defendant, E. A. Whitney & Son, does not, so far as I know, have any assets in your county, and the Globe Indemnity Company is a nonresident corporation.

. . . . . .
" 'Yours respect.
" 'L. E. Thompson.'

"On February 4, 1931, said sheriff of Jackson county issued to said McCluer-Wilbur Underwriting Agency a summons of garnishee, notifying that company that he attached in its hands all debts due or to become due by it to E. A. Whitney & Son and Globe Indemnity Company and summoning it as garnishee to appear in the Circuit Court for Buchanan County May 4, 1931, and answer interrogatories.

"Said sheriff made return, stating that on February 5, 1931, he had attached all property in the hands of said McCluer-Wilbur Underwriting Agency belonging to E. A. Whitney & Son and Globe Indemnity Company.

"On February 21, 1931, by leave of court in Division No. 3, the Globe Indemnity Company dismissed the appeal theretofore allowed it on March 20, 1930, for the purpose of suing out writ of error, and on March 2, 1931, presented to the Kansas City Court of Appeals its petition for writ of error and said writ was issued, returnable to the October Term, 1931.

"On May 7, 1931, defendants filed interrogatories which they required McCluer-Wilbur Underwriting Company to answer in response to said summons of garnishee. On May 12, 1931, the judge of Division No. 2 of said Circuit Court of Buchanan County granted said garnishee until the first day of the next term in which to file answer to said interrogatories.

"The papers and proceedings above described following the issuance of general execution No. 49557 constitute case No. 52497 in Division No. 2 of the Circuit Court of Buchanan County.

"The hearing on the writ of error was duly set for the October Term, 1931, of the Court of Appeals. Plaintiff filed an abstract of the record; statement, brief and argument; and supplemental statement, brief and argument. Defendant Wheat, by William B. Raez, filed motions to dismiss and to quash the writ of error on the ground that it was not sued out within one year and on the ground that writ of error does not lie because the compensation statute provides for appeal only. On December 7, 1931, the Court of Appeals quashed the writ of error.

"Plaintiff attaches to this petition as part thereof copy of the opinion of the Kansas City Court of Appeals rendered on the appeal December 1, 1930, and copy of the mandate of said court.

"Plaintiff states that it intended to appeal from said judgment and thought that it had appealed from said judgment; that the record shows a good faith effort by this plaintiff to appeal. Plaintiff states it is a fact and the record shows that both defendants filed their joint motions for new trial and in arrest and both defendants were heard in support of said motions; that both defendants filed affidavit for appeal; that both were given leave to file the bill of exceptions; that bill of exceptions was filed by both; THAT BOTH DEFENDANTS FILED ABSTRACT OF THE RECORD, AND STATEMENT, BRIEF AND ARGUMENT IN THE KANSAS CITY COURT OF APPEALS, and that this plaintiff appeared by counsel and argued said attempted appeal and that said appeal would have been perfected and this defendant formally discharged of the obligation of said judgment, EXCEPT FOR THE UNFORTUNATE ERROR THAT THE AFFIDAVIT FOR APPEAL INTENDED TO

BE FOR BOTH DEFENDANTS WAS PREPARED IN THE NAME OF ONE ONLY.

"Plaintiff states that the defendants herein are now demanding that answer in garnishment be made by McCluer-Wilbur Underwriting Company and are threatening to immediately pursue their effort to collect said judgment.

"Plaintiff states that the effect of the ruling of the Kansas City Court of Appeals on the appeal from said judgment, when it reversed the finding of the Circuit Court of Buchanan County, was to restore the finding of the Workmen's Compensation Commission, which was that claimant have a balance of $373.71 in addition to the $474.29 paid him previous to the date of the award; that that is the only sum that plaintiff can collect from E. A. Whitney & Son, his employer, and, equitably, the insurer should not be required to pay; that equitably, this plaintiff should be required to pay to claimant Wheat only the said balance of $373.71 due under the award of the commission, which it has duly tendered and stands ready to pay; that the facts above recited show that if the defendants are permitted to collect the award made by the Circuit Court for Buchanan County and set aside by the Court of Appeals, it will work a great injustice on this plaintiff and that this plaintiff is being unduly annoyed and harassed and put to expense for attorneys' fees to defend the said attempt to collect said judgment; that if forced to pay said judgment, this plaintiff would have no redress but would be caused an irreparable loss and that plaintiff has no adequate remedy at law.

"Wherefore, plaintiff prays the court that the said defendants be temporarily and permanently enjoined and restrained from further attempting to collect said judgment of the Circuit Court of Buchanan County."

The defendants filed demurrer, as follows:

"Defendants in the above entitled cause demur to plaintiff's petition and as grounds therefor states as follows:

"1. Because the petition does not state facts sufficient to constitute a cause of action.

"2. Because the plaintiff has a full, complete and adequate remedy at law, which fact appears from the allegations in said petition.

"3. Because the court has not the power to hear and determine the cause and is therefore without jurisdiction.

"4. Because the petition does not state facts sufficient to entitle plaintiff to the relief sought.

"5. Because this court has no jurisdiction on the subject-matter of plaintiff's action or to make any orders or judgments therein.

"WM. B. RAEZ,
"Attorney for Defendants."

The demurrer was overruled and the defendants refused to plead

further.   Thereafter, this further proceeding was had and entered of record:

"Monday, August 15, 1932, same being the 73rd day of May, 1932, term of this court (caption omitted).   Comes now the parties, plaintiff and defendants, by their attorneys, and the demurrer of the defendants to the petition of the plaintiff, heretofore filed, having been by the court heard and duly considered, said demurrer is by the court here overruled and the defendants declining to plead further but electing to abide by their demurrer herein filed, it is by the court adjudged that said defendants and each of them are hereby perpetually enjoined and restrained from enforcing or attempting to enforce, or collect the judgment rendered by the Circuit Court of Buchanan County, Missouri, against the plaintiff therein, and E. A. Whitney & Son, in the case of C. M. Wheat v. Globe Indemnity Company, a corporation and E. A. Whitney & Son, a corporation, as is fully set forth in plaintiff's petition herein filed against C. M. Wheat et al., defendants herein and decrees that the plaintiff have execution against this said defendant, C. M. Wheat, for its costs herein expended, to which action of this court in overruling said demurrer and enter judgment for the plaintiff herein, the defendants and each of them hereby duly excepts.

"Come now defendants by their attorney and file affidavit of appeal and appeal allowed to the Kansas City Court of Appeals, of the State of Missouri."

As shown by the pleading above, the matter involved in this proceeding has in different forms been before this court on two previous occasions.

The issues herein present another of those perplexing problems arising out of the changed relationship of master and servant under the provisions of the Workmen's Compensation Act.   Herein is involved the relationship of the servant to the insurer of the master under the provisions of the act.   Since the enactment of Compensation Acts that old addage, "Nothing is new under the sun," has become obsolete.

Section 3323 of the Workmen's Compensation Act provides, by a somewhat compulsory mandate, for the employer to carry liability insurance.   Sections 3325 and 3326, by the provisions thereof, revolutionizes all previous conceptions of the relationship of employer and employee in that the liability of the employer to the employee, in so far as compensation for injury is concerned, ceases under the provisions of the act to be primary and becomes secondary and the insurer becomes primarily liable for the compensation.

The case before us presents this novel situation.   Wheat, employee of Whitney & Son, receives compensative injury.   The Globe Indemnity Company is the insurer.   Wheat files claim before the commission and is awarded as balance of compensation due $337.71.   Wheat

appeals to the circuit court and the circuit court renders judgment for Wheat in the sum of $1,745.71. From this judgment an appeal was taken and cause sent to this court and is reported in 34 S. W. (2d) 158. The short transcript of the record in that case states that all necessary proceedings for appeal was taken by Whitney & Son and the insurance company who is the respondent herein.

A motion to dismiss the appeal in the above case was filed in this court based upon allegation that appeal was not taken in time and alleging errors as to matters of bill of exceptions and further presenting that the affidavit for appeal did not include the name of Globe Indemnity Company, insurer. This court decided that the appeal as to Whitney & Son was properly taken, but as to the insurer, respondent herein, that there was no appeal and this court reversed as to Whitney & Son only.

The opinion in the Whitney case, supra, when followed to the ultimate conclusion, presents a somewhat paradoxical situation in that the award by the workmen's compensation commission for $373.71 is restored as to respondent herein primarily and as to Whitney & Son secondarily and as to the respondent herein the judgment for $1,745.71 still stands in the Circuit Court of Buchanan County and it appears that the appellants' activity in trying to collect this $1,745.71 judgment has given rise to the action before us. The appellants are herein contending that they have a right to collect the $1,745.71 judgment because the judgment of the circuit court is in full force and effect for the reason that this court had no jurisdiction in the Whitney & Son case reported in 34 S. W. (2d) 158, for the reason that appeal was not taken in time prescribed by law. The appellants cite State ex rel. v. Haid et al., 38 S. W. (2d) 44, l. c. 54 and also sections 1020 and 3342, Revised Statutes of Missouri 1929.

This same question was raised in this court on motion to dismiss the appeal in that case when pending on appeal and this court held that the case as to Whitney & Son was properly before this court and as to that point we here reaffirm all that was then said concerning the appeal being properly before this court.

By the position they have taken, the appellants are shown as asserting the right to collect on the $1,745.71 judgment against respondents as it now stands in the circuit court after having been reversed as to Whitney & Son. The opinion, as it now stands in the case as reported in 34 S. W. (2d) 158, apparently sustains the position taken by the appellants herein.

The issue, as presented in the case at bar, presents an occasion for a reconsideration and probably to overruling in part as to certain expressions in the opinion, as reported in 34 S. W. (2d) 158, for the reason that there are evidently matters presented in the case before us that were not in the contemplation of the court when the above opinion was written.

There are no citations of authority in the briefs filed herein, and we have been unable to find any case that presents a clear precedent on the exact issue presented herein. In stepping into new fields, we must proceed upon the theory that law is reason.

The concluding paragraph of the opinion in the Whitney case, supra, is as follows:

"From the foregoing it results that the judgment of the circuit court against the employer was erroneous and should be reversed as to E. A. Whitney & Son only."

This language of the opinion apparently leaves the judgment against the respondent herein standing in the circuit court. This court, in that expression, evidently did not have in mind many matters of difference in the subjective and adjective law of the Workmen's Compensation Act as compared to actions wherein our Compensation Act does not apply.

In section 3325 of the Compensation Act, the following language is found:

"If the employer be not insured his liability hereunder shall be primary and direct. If he is insured his liability shall be secondary and indirect, and his insurer shall be primarily and directly liable hereunder to the injured employee, his dependents or other persons entitled to rights hereunder. On the request of the commission and at every hearing the employer shall produce and furnish it with a copy of his policy of insurance, and on demand the employer shall furnish the injured employee, or his dependents, with the correct name and address of his insurer, and his failure to do so shall be prima-facie evidence of his failure to insure, but such presumption shall be conclusively rebutted by an entry of appearance of his insurer. Both the employer and his insurer shall be parties to all agreements or awards of compensation, but the same shall not be enforcible against the employer, except on motion and proof of default by the insurer. Service on the employer shall be sufficient to give the commission jurisdiction over the person of both the employer and his insurer, and the appearance of the employer in any proceeding shall also constitute the appearance of his insurer, provided that after appearance by an insurer, such insurer shall be entitled to notice of all proceedings hereunder."

From the reading of the whole of the Workmen's Compensation Act, we find nothing therein from which we can conclude that there is a legislative intent to place any liability on the insurer other than would be upon the employer if uninsured. The compensation provided for under the act is compensation found to be due from the employer to the employee, the act does not attempt to create any new or different liability on the insurer than the liability of the master. It is plainly the legislative intent to make the insurer primarily liable for the amount and only the amount of compensation that

the employee is entitled to receive from the employer under the provisions of the act.

The act presents a very notable departure from usual procedure in that a personal judgment against the insurer is permissible without the insurer even being served with process. The act provides that both the insured and the insurer shall be parties to all awards. Certainly the award of $1,745.71 of the Circuit Court of Buchanan County, as it stands after the reversal of the case as to Whitney & Son, presents an award to which the employer is not a party.

Based upon the above stated conclusions and interpretation of legislative intent, this court concludes that regardless of any interpretation given to the opinion in the Whitney case, supra, that on sound principles of equity alone the circuit court's judgment can be sustained.

As to the opinion of this court in the Whitney case, supra, it is evident that this court did not have the provisions of section 3325 wherein it is provided that, "the appearance of the employer in any proceeding shall also constitute the appearance of the insurer," brought to the attention of the court. When it is considered that the act provides for judgment against the insurer, regardless of whether or not served or whether or not making appearance, certainly the above language has deep significance when it be considered that under the provisions of section 3326 the insurer has surrendered many rights. We conclude that the provision of the above quotation is a consideration for these rights surrendered by the insurer. The insurer is bound by the appearance of the employer, it follows that insurer is entitled to the benefit of the appearance of the employer. We, therefore, conclude that a reversal of an award or judgment as to employer in effect is a reversal as to the insurer and in so far as the case of C. W. Wheat, respondent, v. E. A. Whitney & Son, employers, Globe Indemnity Company, insurer, reported in 34 S. W. (2d) 158, is in conflict with the above conclusion, the same is hereby overruled.

The judgment of the circuit court is affirmed. *Trimble, J.*, concurs in result; *Bland, J.*, dissents.